1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID L. BRINK,                          No.  2:13-cv-0862 LKK DAD PS

12              Plaintiff,

13        v.                                  FINDINGS AND RECOMMENDATIONS

14   ALTERNATIVE LOAN TRUST 2006-
     39CB; BANK OF NEW YORK MELLON,
15

16              Defendants.

17

18        This matter came before the court on January 24, 2014, for hearing of defendant's motion

19   to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil

20   Procedure.  Plaintiff David Brink, proceeding pro se in this action, appeared telephonically on his

21   own behalf.  Attorney Rachel Wintterle appeared telephonically on behalf of the defendant The

22   Bank of New York Mellon fka Bank of New York as Trustee for the Certificate Holders of the

23   CWALT Inc., Alternative Loan Trust 2006-39CB, Mortgage Pass-Through Certificates, Series

24   2006-39CB (erroneously sued as Alternative Loan Trust 2006-39CB and Bank of New York

25   Mellon).

26        Upon consideration of the arguments on file and at the hearing, and for the reasons set

27   forth below, the undersigned will recommend that defendant's motion to dismiss be granted.

28   /////

                                                1

1    BACKGROUND

2         Plaintiff David Brink commenced this action on May 2, 2013, by paying the required

3    filing fee and filing a complaint.  (Dkt. No. 1.)  On November 5, 2013, plaintiff requested leave to

4    file an amended complaint, (Dkt. No. 28), along with a proposed amended complaint naming as

5    defendants The Bank of New York Mellon, ("BNYM"), and New Penn Financial dba Resurgent

6    Mortgage Servicing, Inc.[1]  (Dkt. No. 29.)  On November 13, 2013, plaintiff's request for leave to

7    file the amended complaint was granted and the amended complaint filed November 5, 2013, was

8    deemed the operative complaint.  (Dkt. No. 30.)

9         On November 25, 2013, defendant BNYM filed the motion to dismiss now pending before

10   the court.  (Dkt. No. 31.)  Plaintiff filed an opposition on December 9, 2013, (Dkt. No. 33), and

11   defendant filed a reply on January 8, 2014.  (Dkt. No. 34.)

12                          STANDARDS

13   I.  Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

14        The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

15   sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

16   1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

17   sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

18   F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

19   relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A

20   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

21   the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v.

22   Iqbal, 556 U.S. 662, 678 (2009).

23        In determining whether a complaint states a claim on which relief may be granted, the

24   court accepts as true the allegations in the complaint and construes the allegations in the light

---

25   [1]  New Penn Financial dba Resurgent Mortgage Servicing ("Resurgent") has not appeared in this
26   action and it does not appear from the docket that plaintiff ever served defendant Resurgent with
     a copy of his amended complaint.  Rule 4 of the Federal Rules of Civil Procedure provides that a
27   defendant must be served within 120 days after the complaint is filed.  In the event these findings
     and recommendations are not adopted by the assigned District Judge and this action is not closed,
28   the undersigned will address this issue in a future order.

1   most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

2   United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

3   stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,

4   520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

5   form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th

6   Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than

7   an unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A

8   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

9   elements of a cause of action."  Twombly, 550 U.S. at 555.  See also Iqbal, 556 U.S. at 676

10   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

11   statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

12   facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

13   not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,

14   459 U.S. 519, 526 (1983).

15        In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted

16   to consider material which is properly submitted as part of the complaint, documents that are not

17   physically attached to the complaint if their authenticity is not contested and the plaintiff's

18   complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles,

19   250 F.3d 668, 688-89 (9th Cir. 2001).

20                                          ANALYSIS

21        In his  amended complaint plaintiff alleges that the "[d]efendants are strangers to a Deed

22   of Trust and Note claiming a right or interest to Plaintiff['s] home via an ex post facto assignment

23   of a Deed of Trust . . . . to a New York Trust years after the Trust's closing date . . . ."  (Am.

24   Compl. (Dkt. No. 29) at 2.) [2]  Additionally, the amended complaint alleges as follows.  On or

25   about October 28, 2011, an "Assignment of Deed of Trust . . . was executed in California and

26   recorded in Sacramento County Record's Office on November 1, 2011 . . . ."  (Id. at 12.)  The

27

28   [2]  Page number citations such as this one are to the page number reflected on the court's CM/ECF
     system and not to page numbers assigned by the parties.

1   assignment was executed by Mortgage Electronic Registrations Systems, Inc., ("MERS"), and

2   purported to transfer to the Alternative Loan Trust 2006-39CB, ("Trust"), which was controlled

3   by defendant BNYM acting as the trustee, the deed of trust to plaintiff's home.  (Id.)  "[U]nder

4   color of this assignment," defendants are now "threatening an imminent taking of plaintiff's

5   property."  (Id.)

6          However, the assignment of plaintiff's deed of trust did not "comport with the

7   requirements" of the Trust's Pooling and Servicing Agreement, ("PSA"), and the law of the state

8   of New York, which governed the Trust.  (Id. at 13.)  Specifically, the Trust's closing date was

9   November 30, 2006, and thus the October 28, 2011 transfer of plaintiff's deed to the Trust came

10  "years after the closing date of the trust."  (Id. at 15.)  Moreover, "[a]ccording to the PSA only the

11  depositor may make assignments to the trust,"  (id. at 13), and thus "[u]nder the PSA, MERS as a

12  Nominee lacks authority to transfer deed or notes to the trustee of the trust fund."  (Id. at 15.)

13         In this regard, plaintiff alleges that "[t]he attempt by MERS to assign the deed . . . is . . . a

14  strict violation of the PSA," (id. at 14), the assignment is "fake," (id. at 15), and "improper under

15  the terms required by [the] PSA."  (Id. at 16.)  Moreover, the "record was created to forge a

16  (false) impression in the public record that defendant [BNYM] would pretend that they had a

17  legal right to foreclose on Plaintiff's property."  (Id. at 14.)

18         Based on these allegations, plaintiff in his amended complaint purports to state causes of

19  action for the violation of California Business and Professions Code § 17200, "cancellation of

20  instrument," declaratory relief, injunctive relief, negligent misrepresentation, "statutorily

21  defective foreclosure," and violation of California's Homeowners Bill of Rights.[3]

22         In its motion to dismiss defendant argues, in part, that plaintiff lacks standing to challenge

23  the securitization process because plaintiff is not a party to, or a third party beneficiary of the

24  PSA.  (MTD (Dkt. No. 31-1) at 13.)  Plaintiff concedes in his opposition to the pending motion

25  that courts have held that a non-party to the PSA lacks standing to challenge the PSA, but he

26  /////

27

28
_____
[3]  The court notes that declaratory relief and injunctive relief are, however, not causes of action
but are instead specific forms of relief.

1    argues that he is simply trying to "use the breaches [of the PSA] as evidence that the Defendants

2    are not the owner of his note."  (Pl.'s Opp'n (Dkt. No. 33 at 8-9.)

3            "It is well settled that mortgagees who are not parties to a PSA lack standing to allege

4    violations of a PSA or to otherwise bring claims on the basis that a PSA was violated."[4]  Kramer

5    v. Bank of America, N.A., No. 1:13-CV-1499-AWI-MJS, 2014 WL 1577671, at *4 (E.D. Cal.

6    Apr. 17, 2014).  See, e.g., Gutierrez v. Bank of America, N.A., No. 2:13-cv-1695-TLN-AC,  2014

7    WL 1379883, at *6 (E.D. Cal. Apr. 4, 2014) ("The Court adopts the majority view that Plaintiffs

8    do not have standing to challenge the PSA."); Sabherwal v. Bank of N.Y. Mellon, No. 11cv2874

9    WQH-BGS, 2013 WL 101407, at *7 (S.D. Cal. Jan. 8, 2013) ("Plaintiffs are not investors of the

10   loan trust and lack standing to challenge the validity of the securitization of the loan."); Dinh v.

11   Citibank, N.A., No. SA CV 12-1502-DOC (RNBx), 2013 WL 80150, at *3-4 (C.D. Cal. Jan. 7,

12   2013) (finding the argument that defendants failed to comply with PSA "fails, as this Court, as

13   well as numerous others, have addressed and rejected similar arguments."); Armstrong v. Chevy

14   Chase Bank, FSB, No. 5:11-cv-5664 EJD, 2012 WL 4747165, at *2 (N.D. Cal. Oct. 3, 2012)

15   ("Plaintiffs theory of liability fails to support a plausible claim because Plaintiffs lack standing to

16   allege a breach of the PSA.  Indeed, they are neither direct parties to nor third-party beneficiaries

17   of that agreement."); Hale v. World Sav. Bank, No. CIV 2:12-cv-1462-GEB-JFM (PS), 2012 WL

18   4675561, at *6-7 (E.D. Cal. Oct. 1, 2012) ("Finally, to the extent plaintiffs base their claims on

19   the theory that defendants allegedly failed to comply with the terms of the PSA, the court notes

20   that they lack standing to do so because they are neither a party to, nor a third party beneficiary

21   of, that agreement").

22           In this regard, plaintiff's argument that he is simply trying to establish that the defendant

23   cannot foreclose on his home because it is not the owner of the note is premised on the argument

24   /////

---

25   [4]  Here, plaintiff does not allege that he is a party to the PSA or a third party beneficiaries of the
26   PSA.  Moreover, each of the causes of action found in plaintiff's amended complaint is based on
     his argument that the transfer of his deed to the Trust violated the Trust's PSA.  Indeed, plaintiff
27   states in his opposition to the pending motion that his argument that "Defendants' noncompliance
     with the Pooling and Service Agreements is a violation of New York [law] . . . is at the center of
28   Plaintiff's claims."  (Pl.'s Opp'n (Dkt. No. 33) at 11.)

that the transfer of his note to the Trust violated the PSA.[5]  As another judge of this court has

observed in response to a similar argument:

> Plaintiff attempts to sidestep case law by arguing 'failure to securitize his Note makes it impossible' for Defendants to 'enforce in any manner whatsoever.'  Plaintiff's failure-to-securitize argument rests on a PSA violation.  The Court rejects this argument because Plaintiff does not have standing to bring a claim based on a PSA violation.

Kramer, 2014 WL 1577671 at *4.

Plaintiff also acknowledges in his opposition that, "[a] number of cases have held that

defects in the securitization process cannot be raised by a mortgagee." (Pl.'s Opp'n (Dkt. No. 33)

at 8.)  Plaintiff, however, encourages this court to follow the holdings of Glaski v. Bank of

America, N.A., and a subsequent decision which relied upon Glaski in part, Wells Fargo Bank,

N.A. v Erobobo.

In Glaski v. Bank of America, N.A., 218 Cal. App.4th 1079 (2013), the California Court

of Appeal for the Fifth Appellate District found that a borrower

> may challenge the securitized trust's chain of ownership by alleging the attempts to transfer the deed of trust to the securitized trust (which was formed under New York law) occurred after the trust's closing date.  Transfers that violate the terms of the trust instrument are void under New York law, and borrowers have standing to challenge void assignments of their loans . . . .

Id. at 1083.

This holding by the state appellate court in Glaski, however, has been rejected by the

California Court of Appeal for the Fourth Appellate District, which concluded that

> [a]s an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the

---

[5]  Even if the court were to ignore plaintiff's lack of standing and accept his assertion that his deed was transferred into the Trust after the Trust's closing date, that fact alone would not prevent the foreclosure upon plaintiff's home.  See Frazier v. Aegis Wholesale Corp., No. C-11-4850 EMC, 2011 WL 6303391, at *5 (N.D. Cal. Dec. 16, 2011) ("Even if Plaintiffs were right that their loan was not timely transferred to the trust, that does not mean that the owner of the note and deed of trust could not therefore foreclose.  That would simply mean that the loan was not put into the trust (i.e., the investment vehicle).  It does not necessarily affect the trustee's authority set forth in the deed and assignment documents to initiate foreclosure.")

1
2

promissory note, [plaintiff] lacks standing to enforce any
agreements, including the investment trust's pooling and servicing
agreement, relating to such transactions.

3

Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal.App.4th 497, 515 (2013).

4

"District courts in the Ninth Circuit have generally rejected Glaski, and sided with

5

Jenkins, noting Glaski is a minority view." Lanini v. JPMorgan Chase Bank, No. 2:13-CV-0027

6

KJM EFB, 2014 WL 1347365, at *5 (E.D. Cal. Apr. 4, 2014). See, e.g., Flores v. EMC Mortg.

7

Co., No. CV F 14-0047 LJO GSA, 2014 WL 641097, at *6 (E.D. Cal. Feb. 18, 2014) ("Of key

8

importance, numerous courts disagree with and refuse to follow Glaski, including this Court.");

9

Snell v. Deutsche Bank Nat. Trust Co., No. 2:13-cv-2178-MCE-DAD, 2014 WL 325147, at *4

10

(E.D. Cal. Jan. 29, 2014) ("Numerous courts have subsequently expressed their disagreement

11

with Glaski and have continued to follow the Jenkins approach."); Haddad v. Bank of America,

12

N.A., No. 12cv3010 WQH JMA, 2014 WL 67646, at *4 (S.D. Cal. Jan. 8, 2014) ("This Court

13

finds the reasoning in the above-cited caselaw to be more persuasive than the reasoning in

14

Glaski."); Rivac v. Ndex West LLC, No. C 13-1417 PJH, 2013 WL 6662762, at *4 (N.D. Cal.

15

Dec. 17, 2013) ("This court is persuaded by the majority position of courts within this district,

16

which is that Glaski is unpersuasive, and that plaintiffs lack standing to challenge noncompliance

17

with a PSA in securitization unless they are parties to the PSA or third party beneficiaries of the

18

PSA."); Apostol v. CitiMortgage, Inc., Case No. 13-cv-1983, 2013 WL 6328256, at *7 (N.D. Cal.

19

Nov. 21, 2013) ("Moreover, courts in this District have expressly rejected Glaski and adhered to

20

the majority view that individuals who are not parties to a PSA cannot base wrongful foreclosure

21

claims on alleged deficiencies in the PSA/securitization process."); Newman v. Bank of New

22

York Mellon, No. 1:12-CV-1629 AWI GSA, 2013 WL 5603316, at *3 (E.D. Cal. Oct. 11, 2013)

23

("However, no courts have yet followed Glaski and Glaski is in a clear minority on the issue.

24

Until either the California Supreme Court, the Ninth Circuit, or other appellate courts follow

25

Glaski, this Court will continue to follow the majority rule.").

26

In Erobobo, 972 N.Y.S. 2d 147, 2013 WL 1831799 (Sup. Ct. Apr. 29, 2013), a New York

27

state trial court held that because the mortgage at issue was transferred into the trust after the

28

trust's closing date the assignment was in contravention of the PSA and was void, and not simply

1   voidable, resulting in a question of fact as to who owned the mortgage.  2013 WL 1831799 at *9.

2   However, as is true with the decision in Glaski, this holding in Erobobo has also been the subject

3   of criticism.  See, e.g., Anh Nguyet Tran v. Bank of New York, No. 13 Civ. 580 (RPP), 2014 WL

4   1225575, at *5 (S.D. N.Y. Mar. 24, 2014) (finding Glaski and Erobobo "run counter to better-

5   reasoned cases, which apply the rule that a beneficiary can ratify a trustee's ultra vires act");

6   Felder v. Countrywide Home Loans, Civil Action No. H-13-0282, 2013 WL 6805843, at *19

7   (S.D. Tex. Dec. 20, 2013) ("The court finds Erobobo' s reasoning unpersuasive."); Halacy v.

8   Wells Fargo Bank, N.A., Civil Action No. 12-11447-TSH, 2013 WL 6152351, at *3 (D. Mass.

9   Nov. 21, 2013) ("Erobobo has been criticized and multiple federal courts, including in this

10   District, have held that under New York law, an assignment of a mortgage into a trust in violation

11   of the terms of the PSA is voidable, not void.").

12        Therefore, based upon the weight of authority the undersigned concludes that unless or

13   until the California Supreme Court or the Ninth Circuit embraces the holdings of Glaski and

14   Erobobo, this court should continue to follow the majority rule.  Application of that majority rule

15   compels the finding that a plaintiff lacks standing to challenge the alleged noncompliance with a

16   Trust's PSA unless the plaintiff is a party to the PSA or a third party beneficiaries of the PSA.

17        Accordingly, for the reasons stated above, the undersigned finds that plaintiff lacks

18   standing to bring his alleged causes of action because those causes of action are premised on an

19   alleged violation of the Trust's PSA to which plaintiff was neither a party nor a third party

20   beneficiary.

21                                LEAVE TO AMEND

22        For the reasons explained above, defendant's motions to dismiss should be granted.  The

23   undersigned has carefully considered whether plaintiff may further amend his complaint to state a

24   claim upon which relief can be granted.  "Valid reasons for denying leave to amend include

25   undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan

26   Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath

27   Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall

28   be freely given, the court does not have to allow futile amendments).

1    Here, given plaintiff's lack of standing granting further leave to amend would be futile.

2                                                  CONCLUSION

3    Accordingly, IT IS HEREBY RECOMMENDED that:

4              1.  Defendant's November 25, 2013 Motion to Dismiss (Dkt. No. 31) be granted;

5              2.  Plaintiff's November 5, 2013 amended complaint (Dkt. No. 29) be dismissed

6    without leave to amend; and

7              3.  This action be closed.

8    These findings and recommendations are submitted to the United States District Judge

9    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

10   after being served with these findings and recommendations, any party may file written

11   objections with the court and serve a copy on all parties.  Such a document should be captioned

12   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

13   shall be served and filed within seven days after service of the objections.  The parties are advised

14   that failure to file objections within the specified time may waive the right to appeal the District

15   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16   Dated:  May 7, 2014

17

18   _____
     DALE A. DROZD
19   UNITED STATES MAGISTRATE JUDGE

20   DAD:6
     Ddad1\orders.pro se\brink0862.mtd.f&rs.docx
21

22

23

24

25

26

27

28

                                                       9